**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| THORNTON & CO., INC., | ) | CASE NO. 15-21416 (AMN) |
| | ) | |
| DEBTOR. | ) | RE: ECF NO. 1376 |
| | ) | |
| | ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for | ) | |
| THORNTON & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 18-02072 |
| | ) | Re: ECF No. 26 |
| FLS TRANSPORTATION SERVICES INC. and | ) | |
| FLS TRANSPORTATION SERVICES (USA) INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO APPROVE**
**SETTLEMENT AGREEMENT BETWEEN CHAPTER 7 TRUSTEE AND**
**FLS TRANSPORTATION SERVICES INC. AND**
<u>**FLS TRANSPORTATION SERVICES USA INC.**</u>

Upon the Motion to Approve Settlement Agreement Between Chapter 7 Trustee, Bonnie C. Mangan (the "Trustee"), on the one hand, and FLS Transportation Services Inc. n/k/a FLS Transportation Services Ltd., and FLS Transportation Services (USA) Inc. (the "Settling Defendants"), on the other hand (the "Motion"), due and adequate notice having been made, and upon further consideration by the Court, it is hereby:

ORDERED: that the Motion is hereby granted; and it is further

ORDERED: that, the Trustee shall retain settlement funds paid by the Defendants, totaling **$20,000.00** (the "Settlement Amount"), in full and final satisfaction of any claim the

Estate may have against the Defendants concerning transfer(s) of property of Thornton & Co., Inc. to the Defendants by the Debtor; and it is further

ORDERED: that, effective upon entry of this Order and the Trustee's retention of the Settlement Amount, the Defendants, on the one hand, and the Trustee, acting on behalf of the Estate of Thornton & Co., Inc., on the other hand, are deemed to have released one another from any and all claims, whether known or unknown, from the beginning of time through the date of the Motion that either could assert against the other; and it is further

ORDERED: that, notwithstanding the foregoing mutual release between the Debtor and the Settling Defendants, Coface North America Insurance Company, as subrogee of the Settling Defendant concerning a credit insurance claim asserted by the Settling Defendant against Coface, shall be allowed to receive a *pro rata* distribution, along with other holders of general unsecured claims, with respect to Proof of Claim no. 8-1; and it is further

ORDERED: that, the United States Bankruptcy Court for the District of Connecticut shall retain jurisdiction to enforce the Settlement, notwithstanding the closure or dismissal of the Debtor's bankruptcy case; and it is further

ORDERED: that, the Trustee may move to vacate this Order if the Settlement Amount is not received by the Trustee on or before November 1, 2019; and it further

ORDERED: that, the Clerk of the Court shall close Adversary Proceeding No. 18-02072.

Dated this 16th day of October, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut