UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In re:<br><br>THORNTON AND COMPANY, INC.,<br><br>Debtor. | Chapter 7<br>Case No. 15-21416 (AMN) |

**APPLICATION OF PEOPLE'S UNITED BANK, N.A. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

People's United Bank, N.A. ("PUB"), by and through its undersigned counsel, respectfully applies for allowance and payment of an administrative expense claim in the total amount of $195,164.04.  In support of this Application, PUB respectfully represents and requests as follows:

1. PUB is the holder of a valid and perfected secured claim against the Debtor as evidenced by the Proof of Claim filed August 21, 2015 in the amount of $20,578,812.14 and listed as Claim No. 3 on the Official Claims Register.  PUB's claim is secured by a valid, perfected, first priority security interest in substantially all pre-petition assets of the Debtor, including without limitation all inventory and accounts.  No objections have been filed against PUB's Proof of Claim.

2. The Trustee has liquidated all of PUB's collateral which was property of the estate.  After such liquidation, the current outstanding balance of principal (not including

interest, late charges and exclusive of costs of collection of PUB's claim is $2,471,481.95. PUB's claim is undersecured.

3. By interim Order dated December 15, 2015 [ECF 347], and final Order dated December 23, 2015 [ECF 365], this Court authorized the Trustee to operate the Debtor's business for the limited purpose of selling inventory and collecting accounts receivable, all of which were PUB's collateral, and authorized the Trustee to use PUB's cash collateral for the purposes and on the terms contained therein. At that time, all funds held by the estate were PUB's cash collateral. All funds subsequently recovered by the Trustee from the collection of accounts receivable were PUB's cash collateral.

4. By Order dated December 23, 2015 [ECF 364], this Court authorized the Trustee to pay cash collateral to PUB and established a $350,000 reserve ("Cash Collateral Reserve") from PUB's cash collateral for use by the Trustee to pay certain future Chapter 7 administrative expenses, if and to the extent the estate has insufficient unencumbered funds to pay such expenses. ECF 364 provides, "that the Reserve may be used by the Trustee to pay such Chapter 7 administrative expenses incurred by the Trustee, as are authorized by further order of this Court if and to the extent the estate has insufficient unencumbered funds to pay such expenses." Pursuant to Orders ECF 364 and ECF 365, PUB funded a carve-out of up to $200,000 of unrestricted funds for the benefit of the estate.

5. The various cash collateral orders granted PUB replacement liens as adequate protection for the diminution of PUB's cash collateral. *See, e.g.*, ECF 399 at p. 4.

2

6. As is customary in cash collateral orders, the orders in this case provided PUB with an administrative expense claim with priority over all other administrative expense claims to the extent the replacement liens are insufficient. The orders provide, "[t]o the extent the Replacement Liens granted to Bank pursuant to this Order are insufficient to compensate Bank for any diminution in value of the Collateral, Bank shall be entitled to an administrative claim pursuant to 11 U.S.C. § 503(b) of the Bankruptcy Code, and Bank shall be entitled to the protections of and the priority set forth in 11 U.S.C. § 507(b)." *See, e.g.*, ECF 399 at p. 5.

7. PUB acknowledged that expenses incurred by the Trustee in the collection of PUB's collateral would be chargeable to PUB's collateral under 11 U.S.C. Section 506(c) (the "506(c) Expenses"). At various times in the Chapter 7 case, the Trustee used the PUB's cash collateral to pay administrative expenses incurred in activities other than the collection of PUB's collateral. For those uses of cash collateral, PUB did not receive replacement liens, as those activities were either (a) non-revenue generating or (b) incurred in pursuance of Chapter 5 actions, which are not subject to PUB's liens.

8. Pursuant to various orders, this Court authorized and directed the Trustee to make interim payments to PUB all of PUB's cash collateral then on deposit with the Trustee, except for the Cash Collateral Reserve. The Cash Collateral Reserve was maintained with a balance of at least $350,000.00 until this Court terminated the reserve pursuant to Order dated June 25, 2019 [ECF 1351].

9. During the administration of this Chapter 7 case, the Trustee paid administrative expenses from the Cash Collateral Reserve incurred in connection with Chapter 5 recoveries, and

3

expenses incurred as general administrative matters. Following such payments, the Cash Collateral Reserve was replenished from PUB's cash collateral to no less than $350,000.00. PUB did not receive replacement liens or other adequate protection for the Trustee's use of such cash collateral.

10. Using PUB's cash collateral, the Trustee has been able to obtain Chapter 5 recoveries of approximately $2,000,000. These recoveries are unrestricted funds, not PUB's cash collateral. Thus, the Trustee's use of PUB's cash collateral has resulted in substantial benefit to the estate.

11. Pursuant to PUB's calculations, the Trustee used $195,164.04 of PUB's cash collateral for which PUB did not receive replacement liens, and which are not 506(c) Expenses.

12. Based on the foregoing, PUB should be allowed an administrative expense claim of $195,164.04, having the priority as set forth in Bankruptcy Code Section 507(b).

13. PUB will submit backup materials and calculations to support this Application will be provided to the Trustee, Trustee's counsel and the Office of the U.S. Trustee. Following their review and comment, PUB will file such materials as a supplement to this Application.

WHEREFORE, PUB respectfully requests that this Court allow PUB an administrative expense claim in the amount of $195,164.04, having the priority set forth in Bankruptcy Code Section 507(b), and grant PUB such other and further relief as may be just and equitable.

Dated:  October 28, 2019                    PEOPLE'S UNITED BANK, N.A.,


                                            By:    /s/ Scott D. Rosen
                                                   Scott D. Rosen
                                                   Cohn Birnbaum & Shea P.C.
                                                   100 Pearl Street, 12th Floor
                                                   Hartford, CT 06103
                                                   Tel. 860-493-2200
                                                   Fax. 860-727-0361
                                                   Email: srosen@cbshealaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| THORNTON AND COMPANY, INC. | : | Case No. 15-21416(AMN) |
| Debtor | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of October, 2019, a copy of the foregoing Application was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Scott D. Rosen
　　　　　　　　　　　　　　　　　　　　　　　　Scott D. Rosen

196577v1/50136-339