**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re<br><br>THORNTON & CO., INC.,<br><br>      Debtor. | Chapter 7<br><br>Case No. 15-21416 (AMN) |
| BONNIE C. MANGAN, Trustee for<br>THORNTON & CO, INC.<br><br>      Plaintiff,<br><br>PLASTIC EXPRESS.<br><br>      Defendant. | Adv. No. 17-02051 (AMN) |

**MOTION TO APPROVE SETTLEMENT AGREEMENT BETWEEN**
**BONNIE C. MANGAN, CHAPTER 7 TRUSTEE, AND PLASTIC EXPRESS**

TO: THE HONORABLE ANN M. NEVINS
   UNITED STATES BANKRUPTCY JUDGE

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") for Thornton & Co., Inc. (the "Debtor"), by and through her undersigned counsel, hereby respectfully submits this motion (the "Motion") for an order, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), approving the proposed settlement between the Trustee and Plastic Express (the "Defendant") involving the recovery of monies and property.

In support thereof, the Trustee represents as follows:

**BACKGROUND**

1. On August 10, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

{00142155.1 }

2. On December 10, 2015, the Court converted the Debtor's bankruptcy case to a case under Chapter 7 of the United States Bankruptcy Code and appointed Bonnie C. Mangan as Chapter 7 Trustee for the Debtor.

3. A Nevada corporation with business operations based out of California, the Defendant provided warehousing, packaging, and shipping services to the Debtor during the course of its ongoing operations.

4. The Trustee has investigated and pursued certain avoidable transfers of the Debtor's property, including those transfers that could be avoided as preferential and/or fraudulent transfers.

5. Based upon a review of the Debtor's financial books and records, the Trustee determined that the Defendant received the following transfers from the Debtor totaling **$190,661.97** within the ninety (90) days prior to the Petition Date:

| Date | Amount |
|---|---|
| 5/12/2015 | $ 22,282.52 |
| 6/12/2015 | $ 764.15 |
| 6/12/2015 | $ 764.15 |
| 6/12/2015 | $ 10,147.40 |
| 6/16/2015 | $ 51,234.11 |
| 7/7/2015 | $ 40,598.17 |
| 7/16/2015 | $ 44,532.23 |
| 7/29/2015 | $ 20,339.24 |

Total:    $ 190,661.97

(the "Preferential Transfers").

6. The Trustee made a demand upon the Defendant for the return of the Preferential Transfers. Although the Defendant did not contest that the Debtor made the eight Preferential Transfers to the Defendant, the Defendant did not remit the Preferential Transfers to the Trustee.

7. After commencement of this adversary proceeding, the parties engaged in formal and informal discovery.

8. On October 25, 2019, the parties engaged in in-person mediation with the Hon. James J. Tancredi, U.S.B.J., where the parties agreed to resolve this dispute according to the settlement terms laid out below.

## SUMMARY OF SETTLEMENT TERMS

9. Pursuant to the settlement contemplated herein, the Defendant shall pay the Trustee the sum of Ninety Five Thousand Dollars **($95,000.00)** (the "Settlement Amount") in two installments, payable as follows: The first half of the Settlement Amount shall be in the amount of $47,500.00 (the "First Payment") and shall be paid in good and immediately available funds to the Trustee by no less than ten (10) days before the first date that this motion is scheduled to be heard. If this motion is denied, the Trustee shall return the First Payment to the Defendant.

10. The second half of the Settlement Amount shall be in the amount of $47,500.00 (the "Second Payment") and shall be paid in good and immediately available funds to the Trustee by January 31, 2020.

11. If the Defendant fails to timely pay the Second Payment, and if the Defendant then fails to pay the Second Payment on or before the expiration of thirty (30) calendar days from the date the Trustee or her counsel sends notice that the Second Payment was not made in accordance with the terms contained herein to the Defendant's counsel, Timothy D. Miltenberger, Esq. at 495 Orange Street, New Haven, Connecticut, 06511 and tmiltenberger@coanlewendon.com, the Trustee or her counsel may file an affidavit of nonpayment. Unless the Defendant files with the Bankruptcy Court evidence that the Settlement Amount was timely paid, the Court shall then enter judgment against the Defendant and in favor of the Trustee in the full amount the Trustee has claimed in her complaint in this action, **$190,661.97**, less any amounts the Trustee has received prior to the filing of the affidavit.

12. Upon the entry of an order approving the contemplated settlement herein, the parties will release each other of any and all claims that were asserted or could have been asserted in this adversary proceeding, including any claim that could be asserted under 11 U.S.C. § 502(h). This will include the Trustee's release, on behalf of the Estate, of all claims that were asserted or could have been asserted in this adversary proceeding, and the Defendant's waiver of any distribution from the Debtor's Estate.

## STANDARDS FOR SETTLEMENTS PURSUANT TO FED. R. BANKR. P. 9019(a)

13. Fed. R. Bankr. P. 9019(a) provides that "on motion by the trustee and after notice and a hearing, the bankruptcy court may approve a compromise or settlement." The Supreme Court has recognized that "in administering a reorganization proceeding in an economical and practical matter, it will often be wise to arrange the settlement of claims in which there are substantial and reasonable doubts." *In re Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968). The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. *In re: Penn Central Transportation Co.*, 596 F.2d 1002 (3d Cir. 1979).

14. Approval of a proposed settlement is within the "sound discretion" of the bankruptcy court. *In re Neshaminy Office Buildings Associates*, 62 B.R. 798, 803 (E.D. Pa. 1986). The court must determine whether the proposed settlement is in the "best interests of the estate." *See In the Matter of Energy Cooperative, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989). In determining whether to approve a compromise, the bankruptcy court should apprise itself "of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which

might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process, in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry, Inc.*, 390 U.S. at 424-25.

15. The bankruptcy court should consider five factors in striking the balance between the value of the compromise and the value of the claim: 1) the probability of success in the litigation; 2) the likely difficulties in collection; 3) the complexity of the litigation; 4) the expense, inconvenience and delay necessarily attending it; and, 5) the paramount interest of the creditors. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993). The court should not substitute its judgment for that of a trustee. *In re Neshaminy Office Building Associates*, 62 B.R. at 803. The court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant and Co.*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 22 (1983). In addition, "because the bankruptcy judge is unequally situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." *In re Neshaminy Office Building Associates*, 62 B.R. at 803 (*citing*, *In re Patel*, 43 B.R. 500, 505 (N.D. Ill. 1984)).

16. In the Trustee's judgment, this settlement is in the best interests of the Estate and permits the Estate to avoid the risks and expenses associated with litigation and collection. The Trustee arrived at this conclusion after (i) reviewing invoices related to the subject transfers, checks, the Debtor's bank records, and the Debtor's pre-preference period historical relationship with the Defendant; and (ii) analyzing the Defendants' ordinary course of business defense (11

U.S.C. § 547(c)(2)), subsequent new value defense (11 U.S.C. § 547(c)(4)), and other affirmative defenses to the avoidance and recovery of the transfers.

17. In assessing the Defendant's ordinary course of business defense, the Trustee conducted her own ordinary course of business analysis and compared that to the analysis the Defendant provided to the Trustee. After the Trustee applied the ordinary course defense to the Preferential Transfers, she determined that the Defendant was liable to the Estate between $173,115.43 and $186,491.80.

18. The Trustee also prepared her own subsequent new value analysis and compared it to the analysis the Defendant provided to the Trustee.

19. The parties primarily disagreed over the application of the subsequent new value defense. As of the Petition Date, the Debtor owed approximately $121,000.00 to the Defendant. The Defendant received at least $120,000.00 post-petition for its pre-petition debts, which the Defendant claimed formed the basis of its 11 U.S.C. § 547(c)(4) defense. The Defendant asserted that any payments it received post-petition pursuant to the critical vendor order that entered while the Debtor was in Chapter 11 (ECF No. 67 in Bankruptcy Case 15-24146) would not prevent the Defendant from asserting a new value defense against any alleged preference. Although the Second Circuit Court of Appeals has not yet ruled on this issue, the Third Circuit Court of Appeals issued a decision that supports the Defendant's argument. As discussed at mediation, this represents a litigable issue, likely to be appealed by the losing party absent a consensual resolution of this dispute. Protracted litigation and potential appeals by the losing party could draw out this adversary proceeding for years, thus delaying distribution to the Estate's creditors if the Trustee prevailed in trial and/or on appeal.

20. Thus, in the Trustee's judgment, this settlement is in the best interests of the Estate and permits the Estate to avoid the risks and expenses associated with litigation and collection with a Nevada corporation based in California. Due to: (a) the magnitude of the payment to be received by the Estate relative to the gross amount claimed by the Trustee; and (b) the possibility that the Defendant has meritorious defenses to some or all of the claims asserted by the Trustee, the Trustee believes that it would best serve the interests of the Estate to settle the Estate's claims against the Defendant without incurring any further expenses related to the continued prosecution of this adversary proceeding.

21. Thus, the Trustee believes that the settlement proposed herein is fair and reasonable, and certainly well-above the lowest threshold of reasonableness, especially as it can be obtained without costs associated with collecting on a judgment from an out-of-state defendant.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter the annexed Order to approve the proposed settlement pursuant to Fed. R. Bankr. P. 9019(a) and grant such other and further relief as the Court shall deem just and proper.

Dated at New Haven, Connecticut, this 25th day of November, 2019.

> THE PLAINTIFF,
> BONNIE C. MANGAN, CHAPTER 7 TRUSTEE
> OF THORNTON & CO., INC.
>
> By: */s/ Joanna M. Kornafel*
> Lawrence S. Grossman, Esq. (ct15790)
> Joanna M. Kornafel, Esq. (ct29199)
> GREEN & SKLARZ, LLC
> One Audubon Street, Third Floor
> New Haven, CT 06511
> Tel: (203) 285-8545
> lgrossman@gs-lawfirm.com
> jkornafel@gs-lawfirm.com