**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 15-21416 (AMN) |
| THORNTON & CO., INC., | ) | |
| | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

**APPLICATION TO EMPLOY STOUT RISIUS ROSS, LLC AS EXPERT WITNESS**
**AND CONSULTANT TO THE CHAPTER 7 TRUSTEE**

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") of Thornton & Co., Inc. ("Thornton" or the "Debtor"), files this application (the "Application") for entry of an order authorizing the employment and retention of Stout Risius Ross, LLC ("Stout") as expert witness and consultant to the Chapter 7 Trustee. In support of this Application, the Trustee relies on the declaration of John D. Baumgartner, Managing Director of Stout (the "Baumgartner Declaration"), attached hereto as **Exhibit A**, in accordance with the provisions of 11 U.S.C. § 327, Fed. R. Bankr. P. 2014, and L. Bankr. R. 2014-1. In support thereof, the Trustee respectfully represents the following:

**BACKGROUND**

1. On August 10, 2015, the Debtor filed with the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Court"), its voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") commencing the above captioned Chapter 11 case.

2. On December 10, 2015, the case was converted to a case under Chapter 7 of the United States Bankruptcy Code, and Bonnie C. Mangan was appointed as the interim Chapter 7 Trustee, has qualified, and is now acting as Trustee.

{00148685.2 }

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.     By this Application, the Trustee seeks to employ and retain Stout as expert witness and consultant to the Trustee pursuant to § 327(a) of the Bankruptcy Code to perform the services that will be necessary during this Chapter 7 case, as more fully described below.

## QUALIFICATIONS AND SERVICES TO BE PROVIDED

5.     Stout has extensive experience in providing financial advisory services in connection with bankruptcy proceedings and is particularly well qualified for the type of services the Trustee requires. Stout is a financial advisory firm with a broad-based practice, and its members have substantial experience advising trustees, debtors, secured creditors and unsecured creditor committees. Accordingly, Stout possesses the requisite expertise and background to handle matters that are likely to arise in these bankruptcy cases. The Trustee has selected Stout as a result of its extensive experience in handling similar matters.

6.     Under the terms of the engagement letter, Stout has agreed that its services to the Trustee may include some or all of the following:

    a.   Assist the Trustee in evaluating defenses raised by certain parties to adversary proceedings.

    b.   Assist the Trustee as necessary in the preparation for, and attendance at, any mediation(s) or hearing(s) as they relate to ongoing adversary proceedings.

    c.   If requested, litigation consulting services, including preparation of a report, and expert witness testimony with respect to certain ongoing adversary proceedings filed in connection with this bankruptcy case;[1]

---

[1] Specifically, the Trustee wishes to retain the services of Stout to serve as an expert witness in the following adversary proceedings: *Equistar Chemicals, LP* (Adv. Pro. No. 18-02029), *Westlake Longview Corporation* (Adv. Pro. No. 18-02024), and *Westlake Polymers, LLC* (Adv.

{00148685.2}

      d.      Provide other financial or business consulting or such other assistance as the Trustee or her counsel may deem necessary, consistent, and non-duplicative with the role of any other forensic accountant or financial advisor in this case.

7.      A copy of the engagement letter is attached hereto as **Exhibit B**. Upon approval of the Application, the Trustee will execute the engagement letter.

### STOUT'S CONNECTIONS AND LACK OF ADVERSE INTERESTS

8.      In reliance on the Baumgartner Declaration, to the best of the Trustee's knowledge, Stout: (a) does not represent any other entity having an adverse interest in connection with this case; (b) is "disinterested" as that term is defined in §101 of the Bankruptcy Code; and (c) does not represent nor hold any interest adverse to the interest of the Debtor's bankruptcy estate with respect to the matters for which it is to be employed. In addition, neither Stout nor its professionals have any connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in the Baumgartner Declaration.[2]

### COMPENSATION AND TERMS OF EMPLOYMENT

9.      In consideration for the services to be provided, subject to Court approval, the Trustee will compensate Stout for professional services in accordance to normal billing practice for services rendered based on hourly rates and actual out-of-pocket expenses incurred.

---

Pro. No. 18-02023). By way of this Application, the Trustee also seeks authority to employ Stout, as needed, to serve as an expert witness in any other adversary proceeding pending in this bankruptcy case.

[2]      Stout will review its files periodically during the pendency of the cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If Stout discovers any new relevant facts or relationships, it will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

10. Stout will bill time as incurred on a monthly basis at the following hourly rates, depending on the experience level of each professional:

| Title | Rate Range |
|---|---|
| Managing Directors | $525 to $700 |
| Directors | $435 to $525 |
| Managers and Senior Managers | $300 to $435 |
| Associates | $200 to $300 |

11. Stout revises its standard hourly rates effective October 1 of each year.

12. In addition to the fees described above, Stout will seek reimbursement from the estate for all necessary and proper out-of-pocket expenses incurred in performing the services required by the Trustee.

13. Pursuant to Bankruptcy Rule 2016(b), Stout has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person or (b) any compensation another person or party has received or may receive.

## **NO PRIOR REQUEST**

14. No prior application for the relief sought herein has been made to this or any other court.

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests this Court (i) grant the Application; (ii) enter an order approving, under the terms stated herein, the retention and employment of Stout as expert witness and consultant to the Trustee; and (iii) grant such further relief to which it is entitled.

Dated at New Haven, Connecticut, this 31st day of December, 2019.

        BONNIE C. MANGAN, CHAPTER 7 TRUSTEE
        OF THORNTON & CO., INC.

By:*/s/Lawrence S. Grossman*
    Lawrence S. Grossman (ct15790)
    Jeffrey M. Sklarz (ct15790)
    Joanna M. Kornafel (ct29199)
    GREEN & SKLARZ LLC
    One Audubon Street, Third Floor
    New Haven, CT 06511
    Tel: 203-285-8545
    Fax: 203-764-2682
    lgrossman@gs-lawfirm.com
    jsklarz@gs-lawfirm.com
    jkornafel@gs-lawfirm.com

{00148685.2}

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: December 31, 2019

By: */s/Lawrence S. Grossman*
Lawrence S. Grossman