# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | Case No. 15-21416 (AMN) |
| **THORNTON & CO., INC.,** | § | |
| | § | |
| Debtor. | § | |

**DECLARATION OF JOHN D. BAUMGARTNER IN SUPPORT OF APPLICATION TO EMPLOY STOUT RISIUS ROSS, LLC AS EXPERT WITNESS AND CONSULTANT TO THE CHAPTER 7 TRUSTEE**

I, John D. Baumgartner, being duly sworn, declare the following under penalty of perjury:

1. I am over the age of twenty-one (21), am competent to make this Declaration, and have never been convicted of a crime. I have personal knowledge of the facts as stated in this Declaration. I am authorized to execute this Declaration on behalf of Stout Risius Ross, LLC ("Stout").

2. I submit this Declaration on behalf of Stout in support of the *Application to Employ Stout Risius Ross, LLC as Expert Witness and Consultant to the Chapter 7 Trustee* in the above-styled bankruptcy case. I am a Managing Director of Stout, and I maintain an office at 1000 Main Street, Suite 3200, Houston, Texas, 77002. Stout's Houston office telephone number is (713) 225-9580.

**Scope of Employment and Compensation**

3. Stout will serve as the Trustee's expert witness and consultant and may perform the services described in the application and the engagement letter between the Trustee and Stout.

4. In consideration for the services to be provided, subject to Court approval and the compensation guidelines established for this case, the estate will compensate Stout for professional services. Stout's normal billing practice in matters like this case is to charge for professional service on a rates and hours basis, and to request reimbursement for out-of-pocket expenses incurred.

5. These expenses include, but are not limited to, travel costs, photocopying costs, delivery services, PACER fees, and reasonable fees of counsel.

## Stout is Disinterested

6. In accordance with Rule 2014(a), Stout searched its records for "connection with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee" (the "Potentially Interested Parties").

7. The list of Potentially Interested Parties included the following types of entities: (a) the Debtor and its affiliates; (b) former directors, officers, and senior management; (c) partners, holders of other equity interests, or investors in the Debtors; (d) significant lenders to the Debtors; (e) parties to surety bonds with the Debtors; (f) governmental agencies which interact with the Debtors; (g) parties with whom the Debtors are involved in litigation; (h) insurance entities with whom the Debtors have contracts; (i) major vendors of the Debtors; (j) landlords of the Debtors; (k) the Office of the United States Trustee; and (l) and bankruptcy judges in the District of Connecticut. **Appendix A** presents a complete list of the Potentially Interested Parties included in this conflict check.

8. Stout compared the names of the Potentially Interested Parties against a list of its current and former engagements, clients, and adverse parties. This inquiry revealed that Stout does not currently represent or has not represented within the past three (3) years any of the Potentially Interested Parties.

9. To the best of my knowledge and except as set forth herein, Stout: (i) does not hold or represent any interest adverse to the Debtor or the bankruptcy estate, the Debtor's creditors, or any other party in interest; and (ii) is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. With respect to matters related to this bankruptcy case, Stout does not currently represent: (i) any of the Debtors' alleged secured creditors; or (ii) any of the Debtors' unsecured creditors.

10. Additionally, to the best of my knowledge, Stout and its personnel that will provide services to the Trustee are not related to the Bankruptcy Judge presiding over the Debtor's bankruptcy case, or any person employed in the New Haven office of the United States Trustee.

11. The undersigned further states that Stout has not shared or agreed to share compensation from this engagement with any person or to otherwise violate the fee-splitting prohibition of 11 U.S.C. §504.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 18, 2019

*John D. Baumgartner* (signature)

John D. Baumgartner
Managing Director
Stout Risius Ross, LLC

## Appendix A

The following parties were included in the conflict check.

**Debtor:**
Thornton & Co., Inc.

**Trustee & Counsel:**
Bonnie C. Mangan, Esq.
Green & Sklarz, LLC

**Defendants & Counsel:**
Westlake Longview
Westlake Polymers
Eastlake Chemical
Shannon Martin, Finkelstein, Alvarado & Dunne
Day Pitney, LLP

**Other Adversarial Parties:**
Luckey Logistics LLC
John Grant Haulage, Ltd.
Mid-States Packaging, Inc.

**Debtor's Former Counsel:**
Hurwitz, Sagarin, Slossberg & Knuff

**Unsecured Creditor:**
People's United Bank