**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 15-21416 (AMN) |
| THORNTON & CO., INC., | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd of January, 2020, a copy of the Application to Employ

and/or Pay Robert A. White, Esq. as Mediator to the Chapter 7 Trustee (ECF No. 1461) (the

"Application"), and on the 6th of January, 2020, the Order granting the Motion to Expedite and

Schedule Hearing on Application (ECF No. 1465), attached hereto as Exhibit A, were sent by e-

mail to the U.S. Trustee and all appearing parties by operation of the Court's electronic filing

system, and, on the 6th day of January, 2020, were served on the U.S. Trustee, the debtor, and all

appearing parties who do not have access to the CM/ECF System, by first class, U.S. mail,

postage prepaid on the persons and entities listed on Exhibit B. Parties may access this filing

through the Court's CM/ECF System.

Dated at New Haven, Connecticut, this 6th day of January, 2020.

By:/s Joanna M. Kornafel
    Lawrence S. Grossman (ct15790)
    Joanna M. Kornafel (ct29199)
    GREEN & SKLARZ LLC
    One Audubon Street, Third Floor
    New Haven, CT 06511
    Tel: 203-285-8545
    Fax: 203-306-3391
    LGrossman@gs-lawfirm.com
    JKornafel@gs-lawfirm.com

# Exhibit A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 15-21416 (AMN) |
| THORNTON & CO., INC., | ) | |
| | ) | |
| | ) | |
| DEBTOR. | ) | |
| _____ | ) | |

**APPLICATION TO EMPLOY ROBERT A. WHITE, ESQ., AS MEDIATOR PURSUANT TO 11 U.S.C. §§ 327 OR 328 AND/OR TO PAY ATTORNEY WHITE, AS MEDIATOR, PURSUANT TO 11 U.S.C. § 363(b)(1)**

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") of Thornton & Co., Inc. ("Thornton" or the "Debtor"), files this application (the "Application") for entry of an order authorizing the employment and retention of Robert A. White, Esq. ("Attorney White") as a mediator in three pending adversary proceedings, *Mangan v. Equistar Chemicals, LP* (Adv. Pro. No. 18-02029) (the "Equistar Adv. Proceeding"), *Mangan v. Westlake Longview Corporation* (Adv. Pro. No. 18-02024), and *Mangan v. Westlake Polymers, LLC* (Adv. Pro. No. 18-02023) (together, the "Westlake Adv. Proceedings", and with the Equistar Adv. Proceeding, the "Adversary Proceedings"). Attorney White will also mediate the issues raised in the Equistar and Westlake 503(b) Motions, as defined below. In support of this Application, the Trustee relies on the declaration of Attorney White (the "White Declaration"), attached hereto as **Exhibit A**, in accordance with the provisions of 11 U.S.C. §§ 327 or 328, Fed. R. Bankr. P. 2014, and L. Bankr. R. 2014-1. Alternatively, the Trustee seeks to pay Attorney White as a mediator pursuant to 11 U.S.C. § 363(b)(1). In support thereof, the Trustee respectfully represents the following:

## BACKGROUND

1.      On August 10, 2015, the Debtor filed with the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Court"), its voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") commencing the above captioned Chapter 11 case.

2.      On December 10, 2015, the case was converted to a case under Chapter 7 of the United States Bankruptcy Code, and Bonnie C. Mangan was appointed as the interim Chapter 7 Trustee, has qualified, and is now acting as Trustee.

3.      On October 29, 2015, Equistar Chemicals, LP ("Equistar") filed its Motion Requesting Allowance and Payment of an Administrative Expense Claim Pursuant to 11 U.S.C. § 503(b)(9) (ECF No. 236) (the "Equistar 503(b) Motion").

4.      On October 29, 2015, Westlake Polymers LLC ("Polymers") and Westlake Longview Corporation ("Longview," and together with Polymers, "Westlake") filed their Motion for the Allowance and Payment of Administrative Expense Claims Pursuant to 11 U.S.C. §§ 503(b)(1)A and (b)(9) (ECF No. 237) (the "Westlake 503(b) Motion", together with the Equistar 503(b) Motion, the "Equistar and Westlake 503(b) Motions").

5.      On June 28, 2016, the Trustee filed her objections to the Equistar and Westlake 503(b) Motions.  The Trustee, Equistar, and Westlake (the "Parties") then engaged in extensive briefing, oral argument, and post-hearing briefing, including filing proposed findings of fact and conclusions of law for the Westlake 503(b) Motion.

6.      On June 12 and 13, 2018, the Trustee filed complaints in the Westlake Adv. Proceedings.

7.      On June 15, 2018, the Trustee filed a complaint in the Equistar Adv. Proceeding.

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

9. The Trustee, Equistar, and Westlake (the "Parties") have agreed to mediate the Adversary Proceedings and to conduct the mediation over two days, Friday, January 10 and Saturday, January 11, 2020.

10. The Parties have also agreed to mediate the outstanding issues raised in the Equistar and Westlake 503(b) Motions filed in the main bankruptcy case.

11. By this Application, the Trustee seeks to employ and retain Attorney White as the mediator in the Adversary Proceedings and for the Equistar and Westlake 503(b) Motions pursuant to §§ 327(a) or 328 of the Bankruptcy Code to perform the services that will be necessary during this Chapter 7 case, as more fully described below, and/or to pay Attorney White pursuant to 11 U.S.C. § 363(b)(1).

## QUALIFICATIONS AND SERVICES TO BE PROVIDED

12. In the mediation, Attorney White has agreed to address the Trustee's preference claims raised in the Adversary Proceedings and the outstanding 11 U.S.C. §§ 503(b)(1)(A) and (b)(9) claims raised in the Equistar and Westlake 503(b) Motions. Attorney White is of counsel in the Hartford office of Murtha Cullina. He has over 25 years of experience in bankruptcy, commercial litigation, and workouts and, thus, is particularly well qualified for the type of services the Trustee requires. Attorney White has also served as a mediator in a range of insolvency and commercial disputes and was certified in business bankruptcy law by the American Board of Certification from 1995 to 2017. In addition, Attorney White is an adjunct professor of bankruptcy claw at Quinnipiac University School of Law. Accordingly, Attorney White possesses the

{00149093.3 }

requisite expertise and background to mediate the claims in the Adversary Proceedings and the issued raised in the Equistar and Westlake 503(b) Motions.  The Parties have selected Attorney White as a result of his extensive experience in handling similar matters.

13.     Under the terms of the two engagement letters – one for the Equistar Adv. Proceeding, one for the Westlake Adv. Proceedings – Attorney White has agreed to conduct the mediation in accordance with Sections 5 through 9 of the Hartford Voluntary Mediation Panel (Chambers Order No. 1) on January 10 and 11, 2020.  Copies of the engagement letters are attached hereto as **Exhibit B**.  Upon approval of the Application, the Trustee will execute the engagement letters.

## ATTORNEY WHITE'S CONNECTIONS AND LACK OF ADVERSE INTERESTS

14.     In reliance on the White Declaration, to the best of the Trustee's knowledge, Attorney White: (a) does not represent any other entity having an adverse interest in connection with this case; (b) is "disinterested" as that term is defined in §101 of the Bankruptcy Code; and (c) does not represent nor hold any interest adverse to the interest of the Debtor's bankruptcy estate with respect to the matters for which it is to be employed.  In addition, Attorney White does not have any connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as set forth in the White Declaration.

## COMPENSATION AND TERMS OF EMPLOYMENT

15.     In consideration for the services to be provided, subject to Court approval, Attorney White will charge $300 per hour for (i) preparation for the mediation, with the expectation that such preparation will take less than one day; and (ii) for the mediation.  The Parties have agreed that Attorney White will bill each Party fifty percent (50%) of the total charges for the Adversary

Proceedings, i.e., the bankruptcy estate will be billed for one-half of the total charges for the Equistar Adv. Proceeding and Equistar 503(b) Motion, and one-half of the total charges for the Westlake Adv. Proceedings and Westlake 503(b) Motion.

16.     Attorney White has requested a total deposit of $250.00 from each party by January 8, 2020 for the mediation.

17.     In consideration for the services to be provided, subject to Court approval, the Trustee will compensate Attorney White for professional services in accordance to normal billing practice for services rendered based on hourly rates and actual out-of-pocket expenses incurred.

## NO PRIOR REQUEST

18.     No prior application for the relief sought herein has been made to this or any other court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests this Court (i) grant the Application; (ii) enter an order approving, under the terms stated herein, the retention and employment of Stout as expert witness and consultant to the Trustee, or enter an order permitting the Trustee to use estate funds to pay Attorney White pursuant to 11 U.S.C. 363(b)(1); and (iii) grant such further relief to which it is entitled.

Dated at New Haven, Connecticut, this 3rd day of January, 2020.

> BONNIE C. MANGAN, CHAPTER 7 TRUSTEE
> OF THORNTON & CO., INC.
>
> By:*/s/Joanna M. Kornafel*
> Lawrence S. Grossman (ct15790)
> Jeffrey M. Sklarz (ct15790)
> Joanna M. Kornafel (ct29199)
> GREEN & SKLARZ LLC
> One Audubon Street, Third Floor
> New Haven, CT 06511
> Tel: 203-285-8545

{00149093.3 }

Fax: 203-764-2682
lgrossman@gs-lawfirm.com
jsklarz@gs-lawfirm.com
jkornafel@gs-lawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a copy of the foregoing was served by CM/ECF and/or mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated: January 3, 2020

By: */s/Joanna M. Kornafel*
Joanna M. Kornafel

Case 15-21416    Doc 1461-1    Filed 01/03/20    Entered 01/03/20 15:11:47    Page 1 of 4

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 15-21416 (AMN) |
| THORNTON & CO., INC., | ) | |
| | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

**DECLARATION OF ROBERT A. WHITE IN SUPPORT OF APPLICATION TO
EMPLOY ROBERT A. WHITE, ESQ. AS MEDIATOR**

I, Robert A. White, being duly sworn, declare the following under penalty of perjury:

1.      I am over the age of twenty-one (21), am competent to make this Declaration, and have

never been convicted of a crime.  I have personal knowledge of the facts as stated in this Declaration.

2.      I submit this Declaration in support of the *Application to Employ Robert A. White, Esq.*

*as Mediator* (the "Application") in the above-styled bankruptcy case.  I am of counsel in the Hartford

office of Murtha Cullina, located at CityPlace I, 185 Asylum Street, 29th Floor, Hartford, CT 06103.

**Scope of Employment and Compensation**

3.      I will serve as mediator in three pending adversary proceedings, *Mangan v. Equistar*

*Chemicals, LP* (Adv. Pro. No. 18-02029) (the "Equistar Adv. Proceeding"), *Mangan v. Westlake*

*Longview Corporation* (Adv. Pro. No. 18-02024), and *Mangan v. Westlake Polymers, LLC* (Adv. Pro.

No. 18-02023) (together, the "Westlake Adv. Proceedings", and with the Equistar Adv. Proceeding, the

"Adversary Proceedings"), and will also mediate the issues raised in the Equistar and Westlake 503(b)

Motions, as defined in the Application.

4.      I will perform the services described in the Application and the engagement letters

among the Trustee, defendants, and myself.

{00149179.1 }

5.     In consideration for the services to be provided, subject to Court approval and the compensation guidelines established for this case, the estate will compensate me at the rate of $300 per hour for (i) preparation for the mediation, with the expectation that such preparation will take less than one day, and (ii) for the anticipated mediation.   The bankruptcy estate will be billed for one-half of the total charges for the Equistar Adv. Proceeding and Equistar 503(b) Motion, and one-half of the total charges for the Westlake Adv. Proceedings and Westlake 503(b) Motion.  My normal billing practice in matters like this case is to charge for professional service on a rates and hours basis, and to request reimbursement for incurred out-of-pocket expenses.

### **Disinterested**

6.     In accordance with Rule 2014(a), I searched my records for "connection with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee, which included the following types of entities: (a) the Debtor and its affiliates; (b) former directors, officers, and senior management; (c) partners, holders of other equity interests, or investors in the Debtors; (d) significant lenders to the Debtors; (e) parties to surety bonds with the Debtors; (f) governmental agencies which interact with the Debtors; (g) parties with whom the Debtors are involved in litigation; (h) insurance entities with whom the Debtors have contracts; (i) major vendors of the Debtors; (j) landlords of the Debtors; (k) the Office of the United States Trustee; and (l) and bankruptcy judges in the District of Connecticut.

7.     To the best of my knowledge and except as set forth herein: (i) I do not hold or represent any interest adverse to the Debtor or the bankruptcy estate, the Debtor's creditors, or any other party in interest; and (ii) I am a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

8.      With respect to matters related to this bankruptcy case, I do not currently represent: (i) any of the Debtors' alleged secured creditors; or (ii) any of the Debtors' unsecured creditors.

9.      The following discloses any potential connections Murtha Cullina or I have or had to the parties and their attorneys:

a.      Two attorneys at Murtha Cullina (Bob Kaelin and Taruna Garg) are currently adverse to Trustee Mangan in another case (*Mangan v. American Express, et al.*, Adv. Pro. No. 18-02026). We do not see a conflict. However, I would like the ability to disclose to the client my role as mediator if Attorney Kaelin or Attorney Garg deem it appropriate.

b.      Murtha Cullina represented a defendant in a preference matter in the Thornton case. That matter has concluded.

c.      Murtha Cullina represented Thornton in corporate matters prepetition. The representation ended in 2015. Murtha Cullina may have represented individual directors and officers in personal matters and may continue to represent them.

d.      I retained the defendants' expert, Hal Schaeffer, in two preference matters, the last ending at least five years ago. I believe the matters involved a plaintiff side and a defendant side engagement. I continue to receive his newsletter.

e.      I am part of a group of 10-12 bankruptcy attorneys who gather socially from time to time. Jeff Sklarz is also a part of that group. I have had professional contacts, with Josh Cohen, Larry Grossman, Jeffrey Sklarz and members of their firms.

10.      Additionally, to the best of my knowledge, I am not related to the Bankruptcy Judge presiding over the Debtor's bankruptcy case, or any person employed in the New Haven office of the United States Trustee.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 3, 2020

By: _____
Robert A. White

# EXHIBIT B

Case 15-21416    Doc 1461-2    Filed 01/03/20    Entered 01/03/20 15:11:47    Page 2 of 4

ROBERT A. WHITE
860.240.6031 DIRECT TELEPHONE
860.240.5831 DIRECT FACSIMILE
RWHITE@MURTHALAW.COM

December 20, 2019

<u>VIA EMAIL</u>

Joshua Cohen, Esquire (jwcohen@daypitney.com)
Mark Finkelstein, Esquire (mfinkelstein@smfdlaw.com)
Larry Grossman, Esquire (jgrossman@gs-law.com)
Jeffrey Sklarz, Esquire (jsklarz@gs-law.com)

Re:    Mangan v. Equistar Chemical, LP, Adv. Pro. #18-02029
       <u>Request for Payment of Administrative Expenses</u>

Counsel:

I appreciate the opportunity to serve as a private mediator in the above matter. We will conduct a one-day mediation on January 10, 2019 at the offices of Day Pitney LLP in Hartford.  While I hope we can resolve the matter at the mediation or shortly thereafter, I will try to be available beyond that time.  However, I reserve the right in my sole discretion to end the mediation after the 10th.  We will conduct the mediation in accordance with Sections 5 through 9 of the Hartford Voluntary Mediation Panel (Chamber Order No. 1) as revised by this letter and any mutually agreeable written changes.  By signing this letter, you and your clients agree to be bound by these rules. At the mediation I will ask both you and your clients to sign an additional agreement indicating that the clients agree to be bound by Rule 5.5 regarding the confidentiality of the proceedings.

We have had a call to go over the logistics of the mediation.  You have agreed that I may reach out to you individually with any questions I may have on the submissions.

I will charge $300 per hour for preparation and for the mediation. You have requested that the mediation be completed in one day. My expectation is that preparation will take less than a day. There may be follow up calls. While I will bill each party 50% of the total charges for this matter, each party acknowledges that it is jointly and severally liable for the entire charge. I will require a deposit of $250.00 from each party by January 8, 2019. I will send a separate engagement letter for the Westlake matter and will enter time for each matter.  This engagement is effective December 13, 2019.

10434972v1

December 20, 2019
Page 2

I have previously disclosed the following connections our firm has to the parties and their attorneys:

1.      The firm (Bob Kaelin and Taruna Garg) is currently adverse to Trustee Mangan in another case (Walnut Hill).  We do not see a conflict.  However I would like the ability to disclose to the client my role as mediator if Bob and Taruna deem it appropriate.

2.      Our firm represented a defendant in a preference matter in the Thornton case.  That matter has concluded.

3.      Our firm represented Thornton in corporate matters prepetition.  The representation ended in 2015.  We may have represented individual directors and officers in personal matters and may continue to represent them.

4.      I retained the defendant's expert, Hal Schaeffer, in two preference matters, the last ending at least five years ago.  I believe the matters involved a plaintiff side and a defendant side engagement. I continue to receive his newsletter.

5.      I am part of a group of 10-12 bankruptcy attorneys who gather socially from time to time.  Jeff Sklarz is also a part of that group.  I have had professional contacts, with Josh Cohen and Larry Grossman, Jeffrey Sklarz and members of their firms.

I do not believe that these connections will influence my service as mediator. I would be happy to discuss any questions or concerns you may have.

I look forward to assisting you in resolving this matter.

Very truly yours,


Robert A. White

AGREED:

LARRY GROSSMAN

_____

Attorney for Bonnie Mangan, Trustee of Thornton & Co., Inc.

December 20, 2019
Page 3

JEFFERY SKLARZ

_____

Attorney for Bonnie Mangan, Trustee of Thornton & Co., Inc.

MARK FINKELSTEIN

_____

Attorney for Equistar Chemicals, LP

JOSHUA COHEN

_____

Attorney for Equistar Chemicals, LP

ROBERT A. WHITE
860.240.6031 DIRECT TELEPHONE
860.240.5831 DIRECT FACSIMILE
RWHITE@MURTHALAW.COM

December 20, 2019

<u>VIA EMAIL</u>

Joshua Cohen, Esquire (jwcohen@daypitney.com)
Mark Finkelstein, Esquire (mfinkelstein@smfdlaw.com)
Larry Grossman, Esquire (jgrossman@gs-law.com)
Jeffrey Sklarz, Esquire (jsklarz@gs-law.com)

      Re:    Mangan v. Westlake Polymers, LLC, Adv. Pro. #18-02023
               Mangan v. Westlake Polymers, LLC, Adv. Pro. #18-02024
               <u>Request for Payment of Administrative Expenses</u>

Counsel:

      I appreciate the opportunity to serve as a private mediator in the above matter. We will conduct a one-day mediation on January 10, 2019 at the offices of Day Pitney LLP in Hartford. While I hope we can resolve the matter at the mediation or shortly thereafter, I will try to be available beyond that time. However, I reserve the right in my sole discretion to end the mediation after the 10th. We will conduct the mediation in accordance with the Sections 5 through 9 of the Hartford Voluntary Mediation Panel (Chamber Order No. 1) as revised by this letter and any mutually agreeable changes. By signing this letter, you and your clients agree to be bound by these rules. At the mediation I will ask both you and your clients to sign an additional agreement indicating that the clients agree to be bound by Rule 5.5 regarding the confidentiality of the proceedings.

      We have had a call to go over the logistics of the mediation. You have agreed that I may reach out to you individually with any questions I may have on the submissions.

      I will charge $300 per hour for preparation and for the mediation. You have requested that the mediation be completed in one day. My expectation is that preparation will take less than a day. There may be follow up calls. While I will bill each party 50% of the total charges for this matter, each party acknowledges that it is jointly and severally liable for the entire charge. I will require a deposit of $500.00 from each of the plaintiff and the defendants collectively by January 8, 2019. I will send a separate engagement letter for the Equistar matter and will enter time for each matter. This engagement is effective December 13, 2019.

Case 15-21416    Doc 1461-2   Filed 01/03/20   Entered 01/03/20 15:11:47   Page 6 of 7

December 20, 2019
Page 2

I have previously disclosed the following connections our firm has to the parties and their attorneys:

1.      The firm (Bob Kaelin and Taruna Garg) is currently adverse to Trustee Mangan in another case (Walnut Hill).  We do not see a conflict.  However I would like the ability to disclose to the client my role as mediator if Bob and Taruna deem it appropriate.

2.      Our firm represented a defendant in a preference matter in the Thornton case.  That matter has concluded.

3.      Our firm represented Thornton in corporate matters prepetition.  The representation ended in 2015.  We may have represented individual directors and officers in personal matters and may continue to represent them.

4.      I retained the defendant's expert, Hal Schaeffer, in two preference matters, the last ending at least five years ago.  I believe the matters involved a plaintiff side and a defendant side engagement. I continue to receive his newsletter.

5.      I am part of a group of 10-12 bankruptcy attorneys who gather socially from time to time.  Jeff Sklarz is also a part of that group.  I have had professional contacts, with Josh Cohen and Larry Grossman, Jeffrey Sklarz and members of their firms.

I do not believe that these connections will influence my service as mediator. I would be happy to discuss any questions or concerns you may have.

I look forward to assisting you in resolving this matter.

Very truly yours,


Robert A. White

AGREED:

LARRY GROSSMAN

_____
Attorney for Bonnie Mangan, Trustee of Thornton & Co., Inc.

December 20, 2019
Page 3

JEFFERY SKLARZ

_____

Attorney for Bonnie Mangan, Trustee of Thornton & Co., Inc.


MARK FINKELSTEIN

_____

Attorney for Westlake Polymers, LLC


JOSHUA COHEN

_____

Attorney for Westlake Polymers, LLC

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
|  | ) |  |
|  | ) | CASE NO. 15-21416 (AMN) |
| THORNTON & CO., INC., | ) |  |
|  | ) |  |
|  | ) |  |
| DEBTOR. | ) |  |
|  | ) |  |

**ORDER GRANTING APPLICATION TO EMPLOY**
**ROBERT A. WHITE, ESQ., AS MEDIATOR PURSUANT TO**
**11 U.S.C. §§ 327 OR 328 AND/OR TO PAY ATTORNEY WHITE, AS**
**MEDIATOR, PURSUANT TO 11 U.S.C. § 363(b)(1)**

Upon the *Application to Employ Robert A. White, Esq., as Mediator Pursuant to 11 U.S.C. §§ 327 or 328 And/or to Pay Attorney White, as Mediator, Pursuant to 11 U.S.C. § 363(b)(1)* (the "Application") filed by Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") of the estate of Thornton & Co., Inc. (the "Debtor"), dated January 3, 2020, praying for authority to employ and appoint Robert A. White, Esq. ("Attorney White") as a mediator in three pending, related adversary proceedings, *Mangan v. Equistar Chemicals, LP* (Adv. Pro. No. 18-02029) (the "Equistar Adv. Proceeding"), *Mangan v. Westlake Longview Corporation* (Adv. Pro. No. 18-02024), and *Mangan v. Westlake Polymers, LLC* (Adv. Pro. No. 18-02023) (together, the "Westlake Adv. Proceedings", and with the Equistar Adv. Proceeding, the "Adversary Proceedings"), and to resolve the issues raised in the Equistar and Westlake 503(b) Motions, as defined in the Application, pursuant to 11 U.S.C. §§ 327 or 328, or to pay Attorney White pursuant to 11 U.S.C. § 363(b)(1); the Court being satisfied that Attorney White does not represent an interest adverse to the Debtor's estate, and is a disinterested person in the matters upon which Attorney White is to be engaged, and his employment is necessary and would be in the best interest of the estate, it is hereby

{00149176.1 }

**ORDERED**, that the Application is **APPROVED** and the Trustee is authorized to retain Attorney White as mediator under the terms of the engagement letter attached as Exhibit B to the Application; and it is further

**ORDERED**, that Trustee will pay Attorney White the requested $250.00 deposit and will compensate Attorney White for professional services in accordance to normal billing practice for services rendered based on hourly rates and actual out-of-pocket expenses incurred as set forth in the Application; and

**ORDERED**, that Attorney White will apply to this Court for an award of compensation and reimbursement of expenses, in accordance with the applicable provisions of the U.S. Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 15-21416 (AMN) |
| THORNTON & CO., INC., | ) | |
| | ) | RE: ECF NO. 1462 |
| | ) | |
| DEBTOR. | ) | |
| | ) | |

## ORDER GRANTING MOTION TO EXPEDITE AND SCHEDULE HEARING ON APPLICATION TO EMPLOY ROBERT A. WHITE, ESQ., AS MEDIATOR PURSUANT TO 11 U.S.C. §§ 327 OR 328 AND/OR TO PAY ATTORNEY WHITE, AS MEDIATOR, PURSUANT TO 11 U.S.C. § 363(b)(1)

Bonnie C. Mangan, Chapter 7 Trustee (the "Trustee") of the estate of Thornton & Co., Inc. (the "Debtor") having filed a *Motion to Expedite and Schedule Hearing* (the "Motion to Expedite") in connection with the Trustee's *Application to Employ Robert A. White, Esq., as Mediator Pursuant to 11 U.S.C. §§ 327 or 328 and/or to Pay Attorney White, as Mediator, Pursuant to 11 U.S.C. § 363(b)(1)* (the "Application"), it appearing that the relief in the Motion to Expedite should be granted, it is hereby

**ORDERED**, that a hearing on the Application will be held on January 8, 2020, at 10:00 a.m., at the United States Bankruptcy Court, District of New Haven, Connecticut Financial Center, 157 Church Street, 18th Floor, New Haven, CT 06510; and it is further

**ORDERED**, that service of this Order and the Application must be made on all parties entitled to notice on or before 4:00 p.m. on January 6, 2020; and it is further

**ORDERED**, that a certificate of service demonstrating that the provisions of the Order Granting the Motion to Expedite have been complied with must be filed on or before 4:00 p.m. on January 6, 2020.

Dated this 6th day of January, 2020, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut

**EXHIBIT B**

**Notice was sent by U.S. mail, postage prepaid to:**

Phillips 66 Company
Attn: Candace Schiffman, Senior
Counsel
P.O. 421959, N-1364
Houston, TX 77242

Joshua Prieve
Attn: Diane L. Mancinelli, Esq.
Mentis Law Group, PLC
14751 Plaza Drive, Suite J
Tustin, CA 92780

Sunteck Transport Co., Inc.
Attn: Kimberly K. Cook
Corporate Counsel
4500 Salisbury Rd., Suite 305
Jacksonville, FL 32216

American Transport Group, LLC
Euler Herms North America Ins.
Co.
Attn: Pres., Sec or Manager
800 Red Brook Blvd.
Owings Millers, MD 21117

The Ohio Department of
Taxation
Attn: Attorney General of the
State of Ohio
150 E Gay Street, 21st Floor
Columbus, OH 43215

Holley L. Claiborn
Office of the United States
Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Plastic Express
Attn: Pres., Sec or Manager
15450 Salt Lake Ave
Hacienda Heights, CA 91745

Revenue Quebec
Attn: Pierre Jobidon
1265 Boul Charest Ouest
G1N 4V5
Quebec, QC, Can

Merrick Engineering, Inc.
Attn: Pres., Sec or Manager
1275 Quarry Street
Corona, CA 92879

Mass Polymers Corp.
Attn: Pres., Sec or Manager
1140 Route 22 East, Suite 109
Bridgewater, NJ 08807

Euler Herms North America
Insurance Company
Attn: Pres., Sec or Manager
Assignee of Plastic Solutions, Inc.
800 Red Brook Boulevard
Owings Mills, MD. 21117

Harris County et al
Attn: John P. Dillman
Linebarger Goggan Blair &
Sampson LLP
P.O. Box 3064
Houston TX 77253-3064

The National Union Fire Insurance
Co. of Pittsburgh, PA
Attn: Diamond McCarthy LLP
Attn: Adam L. Rosen
489 Fifth Ave., 21st Floor
New York, NY 10017

John Grant Haulage Ltd
Attn. Pres Sec or Manager
21111 Lakeshore Road
West Mississauga, ON L5J1J9
Canada

Kevin Polucha
Attn: Diane L. Mancinelli,
Esq.
Mentis Law Group, PLC
14751 Plaza Drive, Suite J
Tustin, CA 92780

Celanese EVA Performance Polymers,
Inc.
Attn: Pres., Sec or Manager
225 E John Carpenter Frwy., #1200
Irving, TX 75062

Versa-Pak, Ltd.
Attn: Evan S. Goldstein, Esq.
Updike, Kelly & Spellacy, P.C.
100 Pearl, St., 17th Fl.
P.O. Box 231277
Hartford CT 06123-1277

Pullman and Comley LLC
Attn: Jonathan A. Kaplan, Esq.
90 State House Square
Hartford, Ct 06103

Montachem International
Attn: Pres., Sec or Manager
Suite 200
Houston, TX 77027

Luckey Logistics LLC
Attn: Pres Sec or Manager
29988 N. 00 East Road
Streator, IL 61364

Thornton & Co., Inc.
Attn: J. Paul Thornton, Jr.
132 Main Street, #3
Southington, CT