**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
|  | : |  |
| THORNTON & CO., INC. | : | CASE NO.:  15-21416 (AMN) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

**ORDER AUTHORIZING THE SECOND AND FINAL FEE APPLICATION OF GREEN & SKLARZ, LLC, COUNSEL TO BONNIE C. MANGAN, CHAPTER 7 TRUSTEE, SEEKING COMPENSATION AND REIMBURSEMENT OF DISBURSEMENTS FOR THE PERIOD OF AUGUST 1, 2019 THROUGH AUGUST 31, 2020**

**THIS MATTER** came before the Court on April 14, 2021, the Court having reviewed the Second and Final Fee Application (the "Application") of Green & Sklarz, LLC ("G&S" or the "Applicant"), and there being due and sufficient notice and the Court being otherwise duly advised,

**IT IS HEREBY FOUND THAT**

1.      On January 15, 2016, this Court entered its *Order Authorizing* Nunc Pro Tunc *Appointment of Counsel* [ECF no. 384], authorizing the Trustee to retain Hurwitz, Sagarin, Slossberg & Knuff, LLC ("**HSSK**"), and more particularly, Lawrence S. Grossman, Esq. ("**Attorney Grossman**"), effective *nunc pro tunc* as of December 16, 2015.  The Order authorizing the Trustee to retain HSSK set forth the hourly rates for compensation for services rendered by counsel and paralegals, legal assistants and staff at HSSK, and provided that HSSK would be compensated for actual necessary expenses.

2.      On November 23, 2016, HSSK filed its *First Interim Fee Application Of Hurwitz, Sagarin, Slossberg & Knuff, LLC, Counsel To Bonnie C. Mangan, Chapter 7 Trustee, Seeking*

{00214209.1 }

*Compensation And Reimbursement Of Disbursements For The Period Of December 16, 2015 Through October 31, 2016* [ECF no. 685]**,** and on December 22, 2016, the Court issued its order granting HSSK's first interim application, authorizing the Trustee to pay the Applicant fees of $190,652.50, and expenses of $2,490.13 [ECF no. 711].

3.    On June 7, 2018, the Trustee filed her *Trustee's Second Motion To Modify Order Authorizing Appointment Of Counsel* [ECF no. 1054], wherein the Trustee sought to modify the terms of HSSK's retention by changing the compensation structure of HSSK for the investigation, commencement and prosecution of Chapter 5 claims, *only*, from hourly-based to a fee equal to a one-third contingency fee equal to the benefit accruing to the Estate as a result of HSSK's efforts pursuing Chapter 5 claims, by way of both cash payments received by the Estate and the waiver of claims against the Estate.

4.    More particularly, HSSK agreed to modify the terms of its retention from a fee calculated entirely on an hourly basis to a contingency fee, with respect to matters concerning Chapter 5 claims that will be calculated, *nunc pro tunc* from the beginning of second interim fee period (November 1, 2016) to the conclusion of the case as one-third of the benefit to the Estate from HSSK's efforts ("**Value Recovered**").  The Value Recovered shall be calculated as follows: (a) one-third of funds actually received by the Estate; plus (b) one-third of the "value" of the Estate funds preserved due to waivers of claims by creditors and this "value" shall be calculated as follows: (i) 100% of the amount of the Chapter 7 priority and/or administrative claims waived by creditors; (ii) as to Chapter 11 priority and/or administrative claims waived, the greater of: (A) twenty-five (25%) percent of: (A) the amount of Chapter 11 priority and/or administrative claims waived by creditors or (B) the percentage distributed to Chapter 11 priority and/or administrative claim holders by the Trustee pursuant to the Trustee's final report (or

interim reports); and (iii) as to general unsecured claims waived, the greater of: (A) twenty-five

percent (25%) of the amount of the general unsecured claims waived by creditors or (B) the

percentage distributed to general unsecured creditors by the Trustee pursuant to the Trustee's

final report (or interim reports).  For all other matters, HHSK continued to be compensated on an

hourly basis and was to be paid pursuant to the Order to Use Cash Collateral.  On July 24, 2018,

the Court issued its order granting Trustee's Second Motion to Modify Order Authorizing *Nunc*

*Pro Tunc* Appointment of Counsel [ECF no. 1106].

5.    On June 7, 2018, HSSK filed its *Second Interim Fee Application Of Hurwitz,*

*Sagarin, Slossberg & Knuff, LLC, Counsel To Bonnie C. Mangan, Chapter 7 Trustee, Seeking*

*Compensation And Reimbursement Of Disbursements For The Period Of November 1, 2016*

*Through March 31, 2018* [ECF no. 1055]**,** and on July 24, 2018, the Court issued its order

granting HSSK's second interim application, authorizing the Trustee to pay HSSK fees of

$512,891.00, and expenses of $8,912.74 [ECF no. 1105].

6.    Attorney Grossman left HSSK as of August 31, 2018 and joined the Applicant on

September 1, 2018.  The Trustee filed her *Application To Retain Green & Sklarz, LLC As*

*General Counsel To Chapter 7 Trustee Nunc Pro Tunc Pursuant To 11 U.S.C. § 327(e)* on

September 4, 2018 [ECF no. 1147], as amended [ECF no. 1156] (the "**Application to Retain**").[1]

7.    The Application to Retain was granted on September 28, 2018 [ECF no. 1171].

8.    Pursuant to the Application to Retain, the Applicant was retained on the following

terms:

A.    Applicant shall receive a one-third contingency fee for value recovered with respect

to matters concerning Chapter 5 Claims, with "value recovered" calculated as

---

[1] Notwithstanding the Trustee's retention of G&S, HSSK has continued to represent the Trustee in *Mangan v. Thornton, Jr.,* Adv. Pro. 18-2077 and *Mangan v. Thornton, III*, Adv. Pro. 18-2078.

follows: (a) one-third of funds actually received by the Estate; plus (b) one-third of the "value" of the Estate funds preserved due to waivers of claims by creditors and this "value" shall be calculated as follows: (i) 100% of the amount of the Chapter 7 priority and/or administrative claims waived by creditors; (ii) as to Chapter 11 priority and/or administrative claims waived, the greater of: (A) twenty-five (25%) percent of: (A) the amount of Chapter 11 priority and/or administrative claims waived by creditors or (B) the percentage distributed to Chapter 11 priority and/or administrative claim holders by the Trustee pursuant to the Trustee's final report (or interim reports); and (iii) as to general unsecured claims waived, the greater of: (A) twenty-five percent (25%) of the amount of the general unsecured claims waived by creditors or (B) the percentage distributed to general unsecured creditors by the Trustee pursuant to the Trustee's final report (or interim reports); **AND**

B.  On an hourly basis for case administration, prosecuting objections to administrative expense claims, and prosecuting the objection to CohnReznick LLP's fee application.

9.    On March 29, 2019, HSSK filed its *Third Interim Fee Application Of Hurwitz, Sagarin, Slossberg & Knuff, LLC, Counsel To Bonnie C. Mangan, Chapter 7 Trustee, Seeking Compensation And Reimbursement Of Disbursements For The Period Of April 1, 2018 Through October 31, 2018* [ECF no. 1296]**,** and on April 12, 2019, the Court issued its order granting HSSK's third interim application, authorizing the Trustee to pay HSSK fees of $422,981.61, and expenses of $4,181.33 [ECF no. 1310].

10.    On September 26, 2019, the Applicant filed its *First Interim Fee Application Of Green & Sklarz LLC, Counsel To Bonnie C. Mangan, Chapter 7 Trustee, Seeking Compensation And Reimbursement Of Disbursements For The Period Of September 4, 2018 Through July 31,*

*2019* (the "**First G&S Fee Application**") [ECF no. 1408]**,** and on October 25, 2019, the Court

issued its order granting the First G&S Fee Application, authorizing the Trustee to pay the

Applicant fees of $444,375.88, and expenses of $1,727.80 [ECF no. 1438].

11.     The contingency fee portion of fees paid to G&S pursuant to the *First G&S Fee*

*Application* have been shared between G&S and HSSK in accordance with a written agreement

entered into between the parties, as acknowledged by both G&S and HSSK.

**NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

The Application of Green & Sklarz, LLC, counsel to Bonnie C. Mangan, Chapter 7

Trustee (the "Trustee"), Seeking Compensation and Reimbursement of Disbursements for the

period of August 1, 2019 through August 31, 2020 is **GRANTED** in the following amounts:

**$815,747.56** fees, together with reimbursement of necessary and actual out-of-pocket expenses

incurred by the Applicant in the amount of **$1,939.71**; and it is further

**ORDERED** that the Trustee shall pay Applicant's fees, in the amount of **$815,747.56**

and Applicant's expenses in the amount of **$1,939.71**, from monies being held by the Trustee in

her trustee account with United Bank ending x0016, and it is further

**ORDERED** any contingency fees collected by G&S pursuant to this Order shall be

apportioned between G&S and HSSK in accordance with a written agreement entered into

between entered into between G&S and HSSK, dated as of October 30, 2020, as acknowledged

on the record by both G&S and HSSK, however, in no event shall the *total* contingency fee

payable with respect to the prosecution of any Chapter 5 claim(s) exceed, in the aggregate, one-

third (1/3) of the "value recovered" for the benefit of the Estate, as that term was defined above;

and it is further