**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | |
|---|---|
| In re: | CASE NO. 15-21416 AMN |
| THORNTON & CO., INC., | CHAPTER 7 |
| Debtor. | |
| THORNTON & CO., INC. | RE: ECF NO. 1802 |
| v. | |
| INTERNAL REVENUE SERVICE; STATE OF CONNECTICUT DEPARTMENT OF REVENUE SERVICES; PEOPLE'S UNITED BANK, NA | |

**ORDER APPROVING THE SALE**
**OF CERTAIN DEFAULT JUDGMENTS TO NV LLC**

Upon the Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Default Judgments at Private Sale, Subject to Higher Offers, and Related Relief (ECF No. 17860) (the "Sale Motion") filed on April 3, 2022, by Bonnie C. Mangan (the "Trustee"), Chapter 7 trustee for the bankruptcy estate in the above captioned bankruptcy case, on May 17, 2022, this Court entered an order approving the Notice of Sale and Bidding Procedure for the sale of certain default judgments (the "Sale Transaction") that entered in favor of the Trustee in certain adversary proceedings as further identified in the order to SLFAQ, LLC pursuant to 11 U.S.C. §§ 105 and 363 and Federal Rule of Bankruptcy Procedure 6004 for two thousand dollars ($2,000.00), and the requested other related relief (ECF No. 1799) ("Bidding Procedures Order");

Pursuant to the Bidding Procedure Order, the last date to object to the Proposed Private Sale or submit a qualifying Competing Bid was June 10, 2022 at 4:00 p.m. EST;

The Trustee reported that as of June 10, 2022, she had received four (4) qualifying overbids from the following entities or individuals: Acorn Funding Group, LLC, Maurice Bailey, NV, LLC, and SM Financial Services Corporation, and there were no objections to the sale;

Because qualifying overbids were received, pursuant to the Bidding Procedures Order, an "in Court" auction was conducted on June 14, 2022 with the Honorable Ann M. Nevins, Chief Bankruptcy Judge, presiding and qualifying bidders appearing in person and virtually, all as of record appear (ECF No. 1813 and 1814);

At the conclusion of the course of bidding the successful bidder was NV LLC with a winning bid of Thirty-Five Thousand Dollars ($35,000.00) and the next highest bid was in the amount of Nineteen Thousand Five Hundred Dollars ($19,500) made by Maurice Bailey (ECF No. 1816);

The judgments being sold are identified as: (1) Amended Judgment by Default (ECF No. 50), entered in *Mangan v. Thornton, III et al.*, Adv. Pro. No. 17-02056, against John Paul Thornton, III ("Jake Thornton"), in the amount of $61,890.20, plus costs of $350.00; (2) Judgment by Default (ECF No. 50), entered in *Mangan v. Thornton, III et al.*, Adv. Pro. No. 17-02059, against John Paul Thornton, III ("Jake Thornton"), in the amount of $26,793.23, plus costs of $350.00; (3) Default Judgment (ECF No. 20), entered in *Mangan v. Crone et al.*,

2

Adv. Pro. No. 17-02060, against Bill Crone d/b/a Colonial Woodwork, in the amount of $15,000.00; (4) Judgment by Default (ECF No. 48), entered in *Mangan v. Whitehouse et al.*, Adv. Pro. No. 18-02076, against Ashely Whitehouse and John Paul Thornton, III, jointly and severally, in the amount of $50,701.45 plus costs of $350, and in the further amount of $225,000.00 against John Paul Thornton, III and (5) Judgment by Default (ECF No. 96-2), entered in *Mangan v. John Paul Thornton, Jr. et al.*, Adv. Pro. No. 18-02078, against John Paul Thornton, III, in the amount of $1,621,659.37, plus costs in the amount of $350.00, of which $15,000.00 is joint and several with the judgment rendered in Adversary Proceeding 17-02060 (Collectively, "the Default Judgments");

The bankruptcy estate has not received any payments on account of the Default Judgments and the Trustee asserts NV LLC is purchasing the Default Judgments in good faith and is a good faith purchaser within the meaning of Bankruptcy Code § 363(m), and is therefore entitled to the protection of that provision;

The Asset Purchase Agreement in the form attached hereto as **Exhibit A** (the "Purchase Agreement") has been accepted by NV LLC on the same material terms as SLFAQ, LLC had agreed except as to the purchase price and the inclusion of an additional judgment, a copy of which Purchase Agreement is attached to and incorporated into this Order as if fully set forth;

The Trustee represents the consideration to be provided by NV LLC for the Default Judgments pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) the highest and best offer for the Default Judgments, and (iii)

3

will provide a greater recovery for the bankruptcy estate and its creditors and other parties-in-interest than would be provided by any other practical available alternative; accordingly,

IT IS HEREBY ORDERED THAT: The relief requested in the Sale Motion is granted and approved as set forth herein.

ORDERED THAT The Sale Transaction by the Trustee to NV LLC and the Purchase Agreement by and between NV LLC and the Trustee and all of its terms and conditions are approved in their entirety; it is further

ORDERED THAT The Trustee and the Trustee's professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement including, without limitation, entering into and executing separate Assignments of Judgment with respect to each judgment sold, assigned and transferred pursuant to the Sale Motion, the Purchase Agreement and this Order so they may be filed in each applicable adversary proceeding; and it is further

ORDERD THAT NV LLC is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m); and it is further

ORDERED THAT pursuant to the winning Purchase Agreement, NV LLC shall have three (3) business days from the entry of a non-appealable Order of this Court approving the winning purchase agreement to consummate the sale transaction; and it is further

ORDERED THAT the purchase price of $35,000.00 shall be paid in good funds to the order of "Bonnie C. Mangan, Chapter 7 Trustee" and identified with the case name and case number, *In re Thornton & Co. Inc., Case No. 15-21416 (AMN),* and sent to her at Westview Office Park, 1050 Sullivan Avenue, Suite A3, South Windsor, CT 06074; and it is further

ORDERED THAT the sale, assignment and transfer of the Default Judgments to NV LLC constitutes a legal, valid and effective transfer of all right, title and interest of the Trustee and the Debtor's Estate in the Default Judgments and shall vest NV LLC with all of the Trustee's and the Debtor's Estate's right, title and interest in the Default Judgments and proceeds thereof, and it is further

ORDERED THAT the Default Judgments are being sold, assigned and transferred to NV LLC "AS IS WHERE IS" without any representations or warranties of any kind whatsoever, whether express, implied or imposed by law; and it is further

ORDERED THAT if NV LLC fails to consummate the sale in accordance with the Order of this Court that the Trustee shall file a notice of NV LLC's failure to consummate the sale of the docket, and that she may proceed in her sole discretion to close with next highest bid of $19,500.00 made by Maurice Bailey without further order of this Court, and Maurice Bailey shall three (3) business days from the execution of a Purchase Agreement in the same form as approved by this Court, to close and it is further

ORDERED THAT if Maurice Bailey fails to complete the sale transaction, the Trustee in her sole discretion is authorized to accept the next highest and

best bid that was achieved in the course of bidding without further order of this Court, and that bidder shall have three (3) business days from the execution of a Purchase Agreement in the same forms approved by this Court to close; and it is further

ORDERED THAT the fourteen-day (14) stay under Bankruptcy Rule 6004(h) is waived; and it is further

ORDERED THAT This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

Dated this 22nd day of June, 2022, at New Haven, Connecticut.

*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut

# ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of June 15, 2022, is by and between **BONNIE C. MANGAN, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of THORNTON & CO., INC.** ("Debtor") **BANKRUPTCY ESTATE** ("Estate"), and **NV LLC**, a Maine limited liability company ("Purchaser").

## WITNESSETH:

**WHEREAS**, on or about August 10, 2015, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut ("Court"), assigned Case No. 15-21416; and

**WHEREAS**, on or about December 10, 2015, the Debtor's bankruptcy case was converted to a case under chapter 7 of the Bankruptcy Code, and the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there are certain Default Judgments entered in favor of the Trustee for the benefit of the Estate remaining, which have not been previously sold, assigned, or transferred (collectively, "Default Judgments"); and

**WHEREAS**, the Trustee is selling, assigning and transferring the judgments entered in the following Adversary Proceedings:

(1) Amended Judgment by Default (ECF No. 50), entered in *Mangan v. Thornton, III et al*, Adv. Pro. No.17-02056, against John Paul Thornton, III ("Jake Thornton"), in the amount of $61,890.20, plus costs of $350.00;

(2) Judgment by Default (ECF No. 50), entered in *Mangan v. Thornton, III et al.*, Adv. Pro. No. 17-02059, against John Paul Thornton, III ("Jake Thornton"), in the amount of $26,793.23, plus costs of $350.00;

(3) Default Judgment (ECF No. 20), entered in *Mangan v. Crone et al.*, Adv. Pro. No. 17-02060, entered against Bill Crone d/b/a Colonial Woodwork, in the amount of $15,000.00;

(4) Judgment by Default (ECF No. 48), entered in *Mangan v. Whitehouse et al.*, Adv. Pro. No. 18-02076, against Ashley Whitehouse and John Paul Thornton, III, jointly and severally, in the amount of $50,701.45 plus costs of $350, and against John Paul Thornton, III, in the further amount of $225,000.00; and

(5) Judgment by Default (ECF No. 96-2), entered in *Mangan v. John Paul Thornton, III, et al.*, Adv. Pro. No. 18-02078, against John Paul Thornton, III, in the amount of $1,621,659.37, plus costs in the amount of $350.00, of which $15,000 is joint and several with the judgment rendered in Adversary Proceeding 17-02060.

(Collectively, "the Default Judgments") copies of which are attached hereto as **Exhibit A**; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Default Judgments to Purchaser.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein

contained, Seller and Purchaser agree as follows:

   1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Thirty-Five Thousand Dollars and No/100 ($35,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

   2. **Assignment of Default Judgments.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of Seller's right, title and interest under, in and to the Default Judgments, as well as any and all claims and rights related to the Default Judgments.

   3. **Authority to Sell.** Subject to Court approval, the sale of the Default Judgments by Seller is made pursuant to the authority vested in Seller.

   4. **Payments Received on Default Judgments.** Seller further agrees that any payments received by Seller on account of the Default Judgments shall constitute property of Purchaser to which Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Default Judgments.

   5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Default Judgments as is set forth in this Agreement. **EXCEPT AS SPECIFICALLY SET FORTH HEREIN, SELLER SELLS, ASSIGNS, AND TRANSFERS THE DEFAULT JUDGMENTS TO PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

   6. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Default Judgments and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Default Judgments, except as may otherwise expressly be provided herein.

   7. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

   8. **Limited Power of Attorney.** Solely with respect to the Default Judgments, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Default Judgments herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Default Judgments to Purchaser and its rights thereunder pursuant to this Agreement.

   9. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and Purchaser and supersedes any and all prior agreements and understandings with respect to the

subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

     **10. Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and Purchaser.

     **11. Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Connecticut, without giving effect to choice of law principles of the State of Connecticut.

     **12. Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.
**NV LLC**

By: _____
Name: John Paul Thornton, Jr.
Its: Sole Member
Address *(for regular mail and mail forwarding)*:
c/o Steven Cope, Esq., Cope Law Firm, 461 Steven Avenue, P.O. Box 1398, Portland, ME 04103
Tel (207) 772-7491 Fax: 207-772-7428


**BONNIE C. MANGAN, CHAPTER 7 TRUSTEE FOR THE THORNTON & CO., INC. BANKRUPTCY ESTATE**

By: _____
Name: BONNIE C. MANGAN
Its: Chapter 7 Trustee
Address: c/o The Law Office of Bonnie C. Mangan, P.C., Westview Office Park, 1050 Sullivan Avenue, Suite A3, South Windsor, CT 06074
Tel (860) 644-4204 Fax (860) 644-4934

# Exhibit A
# Copies of Default Judgments

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 15-21416 (AMN) |
| THORNTON & CO., INC., | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for THORNTON & CO., INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Pro. No. 17-02056 |
| SHUTTLE MEADOW COUNTRY CLUB, INC. and JOHN PAUL THORNTON, III, | ) ) ) | |
| Defendants. | ) ) | |

## **AMENDED JUDGMENT BY DEFAULT**

WHEREAS, the Clerk's Entry of Default [ECF No. 29] duly entered on November 22, 2017 against John Paul Thornton, III ("Jake Thornton").

WHEREAS, the Plaintiff has requested entry of judgment by default and has filed an affidavit of the amount due and an affidavit stating that John Paul Thornton, III is not in the military service. WHEREAS, it appears from the record that John Paul Thornton, III is not an infant or incompetent. NOW THEREFORE, pursuant to Fed. R. Civ. P. 55(b)(1), as incorporated by Fed. R. Bankr. P. 7055, judgment is entered in favor of the plaintiff against John Paul Thornton, III in the following amounts: $61,890.30, plus costs of $350.00.

Dated this 10th day of June, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 15-21416 (AMN) |
| THORNTON & CO., INC., | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for | ) | |
| | ) | |
| THORNTON & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adv. Pro. No. 17-02059 |
| v. | ) | |
| | ) | |
| DAVID SHILLER, L.R., INC., THE LANDING | ) | |
| STRIP, INC. and JOHN PAUL THORNTON, III, | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT BY DEFAULT

WHEREAS, the Clerk's Entry of Default [ECF No. 25] duly entered on January 2, 2018 against John Paul Thornton, III ("Jake Thornton").

WHEREAS, the Plaintiff has requested entry of judgment by default and has filed an affidavit of the amount due and an affidavit stating that Jake Thornton is not in the military service.

WHEREAS, it appears from the record that Jake Thornton is not an infant or incompetent.

NOW THEREFORE, pursuant to Fed. R. Civ. P. 55(b)(1), as incorporated by Fed. R. Bankr. P. 7055, judgment is entered in favor of the plaintiff against Jake Thornton in the following amounts: $ 26,793.23, plus costs in the amount of $350.00.

Dated this 6th day of June, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# HARTFORD DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| THORNTON & CO., INC., | CASE NO. 15-21416 (AMN) |
| DEBTOR. | |
| BONNIE C. MANGAN, Chapter 7 Trustee for THORNTON & CO., INC., | |
| Plaintiff, | |
| v. | Adv. Pro. No. 17-02060 |
| BILL CRONE d/b/a COLONIAL WOODWORK and JOHN PAUL THORNTON, JR., | Re: ECF No. 18 |
| Defendants. | |

## DEFAULT JUDGMENT

The defendants, Bill Crone d/b/a Colonial Woodwork ("Crone") and John Paul Thornton, Jr. ("Paul Thornton"), having been regularly notified by service of process and having failed to plead or otherwise defend, and the time for pleading or otherwise defending having expired according to law, and the Clerk's Entry of Default [ECF No. 7 & 11], having been duly entered against each of the defendants in this case on October 26, 2017 and November 22, 2017 respectively.

Now therefore, upon the Motion for Default Judgment and Affidavit of David C. Shufrin, judgment is hereby entered against Crone and Paul Thornton in favor of and pursuant to the prayer of the Plaintiff, as follows:

It is ORDERED that judgment hereby enters against Crone and Paul Thornton in the total amount of $15,000.00 (the "Judgment Amount");

It is further ORDERED, that Crone and Paul Thornton shall be jointly and severally liable for the Judgement Amount; and

It is further ORDERED, pursuant to 11 U.S.C. § 502(d), that any claim that Crone or Paul Thornton has asserted or may assert against the Debtor's estate is disallowed until the Judgment Amount, plus any accrued post-judgment interest, as applicable, has been paid, in full, to the Plaintiff.

Dated this 7th day of February, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut

# UNITED STATES BANKRUPTCY
# COURT DISTRICT OF CONNECTICUT
# NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 15-21416 (AMN) |
| THORNTON & CO., INC., | ) | |
| | ) | |
| DEBTOR. | ) | |
| _____ | ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for | ) | |
| THORNTON & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 18-02076 |
| | ) | |
| ASHLEY WHITEHOUSE and JOHN PAUL | ) | |
| THORNTON, III, | ) | |
| | ) | Re: ECF No. 33 |
| Defendant. | ) | |

## JUDGMENT BY DEFAULT

WHEREAS, Ashley Whitehouse and John Paul Thornton, III (the "Defendants") having been regularly notified by service of process and having failed to plead or otherwise defend, and the time for pleading or otherwise defending having expired according to law, and the Clerk's Entry of Default [ECF No. 16], having been duly entered against each of the Defendants in this case on November 15, 2018.

WHEREAS, the Plaintiff has requested entry of judgment by default [ECF No. 33] and has filed an affidavit of David C. Shufrin stating the amount due and an affidavit stating that the Defendants are not in the military service.

WHEREAS, it appears from the record that the Defendants are not infants or incompetent. NOW THEREFORE, it is hereby

**ORDERED**: That judgment is entered in favor of the Plaintiff, with post-judgment interest as provided in 28 U.S.C. 1961, against: (1) both Defendants, jointly and severally, in the amount of $50,701.45, plus costs in the amount of $350.00; and (2) against defendant, John Paul Thornton, III, in the further amount of $225,000.00, pursuant to Fed. R. Civ. P. 55(b)(1), as incorporated by Fed. R. Bankr. P. 7055; and it is further

**ORDERED:** That the Clerk shall close this adversary proceeding.

Dated this 30th day of September, 2019, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut

## UNITED STATES BANKRUPTCY
## COURT DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| | ) | CASE NO. 15-21416 (AMN) |
| THORNTON & CO., INC., | ) | |
| | ) | |
| DEBTOR. | ) | |
| | ) | |
| BONNIE C. MANGAN, Chapter 7 Trustee for THORNTON & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 18-02078 |
| | ) | |
| JOHN PAUL THORNTON, JR., JOHN PAUL THORNTON, III and MATTHEW S. THORNTON, | ) | |
| | ) | |
| | ) | Re: ECF No. 87 |
| Defendant. | | |

### JUDGMENT BY DEFAULT

WHEREAS, John Paul Thornton, III (the "Defendant") having been served with a summons and complaint in this adversary proceeding, and and having failed to plead or otherwise defend this action, and the time for pleading or otherwise defending having expired according to law; and

WHEREAS, the Clerk's Entry of Default [ECF No. 18] duly entered on November 15, 2018 against John Paul Thornton, III; and

WHEREAS, the Plaintiff requested entry of judgment by default [ECF No. 87] and filed an affidavit of David C. Shufrin stating the amount due pursuant to Fed. R. Civ. P. 55(b)(1), as incorporated by Fed. R. Bankr. P. 7055; and

WHEREAS, the Plaintiff has filed an affidavit of David Shufrin [ECF No. 93] stating that the Defendant is not in the military service; and

WHEREAS, it appears from the record that the Defendant is not an infant or incompetent;

**IT IS NOW THEREFORE,**

**ORDERED**: That, a default judgment is entered in favor of the Plaintiff, with post-judgment interest as provided in 28 U.S.C. Section 1961, against John Paul Thornton, III in the amount of $1,621,659.37, plus costs in the amount of $350.00, pursuant to Fed. R. Civ. P. 55(b)(1), as incorporated by Fed. R. Bankr. P. 7055; and it is further

**ORDERED**: That, previously, on February 7, 2019, the court entered a judgment in the amount of $15,000.00 in adversary proceeding number 17-02060, which judgment granted relief to the Plaintiff for the same damages as to $15,000.00 of the judgment awarded herein. Therefore, $15,000.00 of the judgment awarded herein shall be joint and several with the judgment rendered in adversary proceeding number 17-02060 against Bill Crone d/b/a Colonial Woodwork and John Paul Thornton, Jr.

Dated this 17th day of December, 2020, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut